GARNER *v.* PIERCE.

Vendor and Purchaser—Plats—Promises—Evidence—Rescission.
In suit by subdivision lot purchasers against vendors to enjoin enforcement of contract payments until improvements alleged to have been promised were made or, alternatively, cancellation and repayment, evidence of condition of property at time property was platted, lots sold and improvements promised *held*, insufficient to justify decree for plaintiffs.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted June 4, 1936. (Docket No. 67, Calendar No. 38,832.) Decided September 2, 1936.

Bill by Bessie Garner and others against Guy W. Pierce and others to restrain foreclosure of land contracts. Bill dismissed. Plaintiffs appeal. Affirmed.

*Louis B. Ver Wiebe,* for plaintiffs.

*Melvin E. Orr* and *A. Floyd Blakeslee,* for defendants.

NORTH, C. J. Plaintiffs are contract purchasers of lots in the Log Cabin subdivision located in Oakland township, Oakland county, Michigan. Defendants are the proprietors of this subdivision and hold the vendors' interest in plaintiffs' contracts. Plaintiffs allege failure of the defendants to make certain promised improvements in the streets and parks of the subdivision; and seek to have defendants enjoined from enforcing either payment or cancellation of the contracts until the improvements are made or, in the alternative, that plaintiffs be decreed cancellation of their contracts and have an accounting for and repayment of all sums paid thereon. From a decree dismissing their bill of complaint plaintiffs have appealed. Because it concisely states what occurred in court and the reason for the decree of dismissal, we quote the opinion of the circuit judge:

"This bill was filed by a number of purchasers of lots on the Log Cabin subdivision, property that was owned and platted by the defendants in Oakland township. It is the claim of the plaintiffs in the bill that at the time they purchased the lots certain representations were made to them by the owners or their agents that various driveways in the subdivision would be graded and improved with gravel; that the parks would be made beautiful so that the entire subdivision would have an appearance of a well laid out and improved subdivision with beautiful parks, and further that the plaintiffs were shown a prospectus showing private drives having a width from 60 to 100 feet and seven private parks. The matter came before the court on a number of occasions on miscel-

laneous motions in connection with an injunction and payments on the land contracts. Afterwards, it came on for hearing on September 13, 1934. At that time the parties, at the suggestion of the court, entered into a stipulation in open court by which they agreed that the court appoint a qualified engineer to make an examination and draw specifications of the work necessary to be done on the Log Cabin subdivision. The stipulation is part of the records in the case and in accordance with the agreement, this court appointed one A. M. Comb, a registered civil engineer, who had formerly been employed by the county road commission and who had a great deal of experience in road work. On October 1st, Mr. Comb filed his report. Upon an examination it is apparent to the court that it was based, to a large degree at least, upon conversations which Mr. Comb has had with lot owners and an independent investigation which he had made of the conditions, statements and representations at the time the property was platted and when the lots were sold; there was little definite information in the report except the recommendation which the engineer made for the improvement of the roads in which he stated as follows:

" 'I am, therefore, making the following recommendations, which I believe will restore them to a condition which might reasonably be expected by a property owner or assumed by a prospective purchaser after reading the prospectus which was evidently used in the promotion of sales on this property.'

"Subsequent to the filing of the engineer's report plaintiff noticed a decree and settlement based upon the engineer's report in which the court was asked to decree that defendants should do a number of things in connection with improving of the subdivision and the roads which were set forth in five numbered paragraphs. Upon the hearing for the settlement of the decree it appeared to the court that it was impossible, in view of the general stipulation and the hearsay statements upon which the en-

gineer's report was based, for the court to make a decree which would be binding upon these parties. In the judgment of the court there was no way in which a decree could be based upon the report and upon the case as it stood at that time. Signing of the decree was withheld, statement was made to counsel that the case might be set down in the regular way for hearing at which time all of the witnesses who had knowledge of the conditions under which the property had been platted and lots sold could be produced in court and a complete record could be made so that the court would have something before it upon which to base a final decree. The matter came on before the court today and no additional testimony has been produced. By stipulation of counsel so much of the engineer's report as he could testify to if presented here in court, has been received in evidence. There is nothing else before the court, there is nothing upon which a decree could be based. There is no other course except to grant the motion to dismiss the bill of complaint, with costs."

The record fully sustains the opinion of the circuit judge; and the decree entered in accordance therewith is affirmed. Costs to appellees.

FEAD, WIEST, BUTZEL, BUSHNELL, SHARPE, and TOY, JJ., concurred. POTTER, J., did not sit.